■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. HAROLD J. HUGHES, Respondent, v ANDREW F. CAPOCCIA, Appellant.—Appeal from a judgment of the Supreme Court, entered December 1, 1978 in Albany County, upon a decision of the court at a Trial Term, without a jury, finding respondent guilty of criminal contempt. While tardiness by trial counsel following recesses and adjournments is not to be condoned, such conduct here is not a willful wrong within the meaning of section 750 of the Judiciary Law, particularly where, as here, the tardy attorney apologizes to the court and jury and the trial continues without prejudice to any party. Neither can we say the relatively brief periods of tardiness here established a willful disregard of or an affront to the court's mandate or dignity (Judiciary Law, § 750; see Matter of Spector v Allen, 281 NY 251). Next, we conclude that respondent's conduct in refusing to produce certain photographs, which had previously been discovered and copied, upon plaintiff's demand during trial, was not contemptuous despite the court's admonition that "it [court] did not look kindly" upon respondent's refusal to either produce the photographs or ascertain if they were in the possession of the defendant's carrier or to supply the court with the carrier's phone number. Since the photographs in question had previously been discovered and since they were sought to be used at trial, a subpoena duces tecum, not disclosure, would have been the

proper vehicle to be used for their production. Since the court has the power to issue such a subpoena, we cannot say there was actionable willfulness in respondent's refusal to co-operate. At most, respondent's conduct may have been impolite, but it was not "disorderly, contemptuous, or insolent" so as to constitute contempt within the meaning of the statute. Judgment reversed, on the law and the facts, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Herlihy, JJ., concur.